IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MATTIE Y. JACKSON, )
)
Plaintiff, )
) CIVIL ACTION NO. 2:06cv477-DRB
)
)
CITY OF UNION SPRINGS, CITY OF )
UNION SPRINGS POLICE )
DEPARTMENT, CHIEF CLARENCE )
WHEELER, in his individual capacity, ) JURY DEMAND
and Defendants "A," "B," and "C," whether )
singular or plural, those other persons, )
corporations, firms or other entities whose )
true and correct names are unknown to )
Plaintiff at this time, but will be )
substituted by amendment when ascertained, )
)
Defendants. )

## COMPLAINT

**COMES NOW** Mattie Y. Jackson, Plaintiff, and for her complaint against Defendants and their agents and representatives (Defendants) hereby complains as set forth herein below.

## JURISDICTION AND VENUE

1.  This lawsuit is brought as a continuing hostile work environment sexual harassment, sexual discrimination, Title VII, 42 U.S.C. Section 2000(e) and 24 U.S.C. Section 1981 action. Jurisdiction of this Court is invoked under U.S.C. Sections 1331 and 1343, as it arises under federal law. Venue is appropriate and proper in this Court under 28 U.S.C. Sections 1332 and 1391(b), as the events giving rise to the claims occurred in this district and the defendants reside in this district.

1

## PARTIES

2. The Plaintiff, Mattie Y. Jackson, hereinafter referred to as "Plaintiff" is a thirty-two (32) year old African-American female resident of the United States and the State of Alabama, residing in Bullock County, Alabama. Plaintiff is a resident of this judicial district, and has been employed by Defendant at all times material hereto. Plaintiff is a member of the protected class for sex within the meaning of Title VII. Plaintiff is also an employee of Defendant within the meaning of Title VII.

3. The Defendant, the City of Union Springs, hereinafter referred to as "City" is a municipality in the State of Alabama and is authorized to do business in the State of Alabama, and employs at least fifteen (15) persons and otherwise meets the jurisdictional prerequisites of Title VII. The Defendant, the City of Unions Springs Police Department, hereinafter referred to as "Department" is a agency in the City of Union Springs and the State of Alabama and employs at least fifteen (15) persons and otherwise meets the prerequisites of Title VII.

4. The Defendant, Chief Clarence Wheeler, hereinafter referred to as "Chief" is the Chief of Police for the City of Union Springs and was employed by Defendant City at all times material hereto.

## FACTUAL BACKGROUND

5. Plaintiff is a thirty-two (32) year old African-American female.

6. On or about September 2005, Plaintiff was hired as a candidate for police officer by the Union Springs Police Department. During the second week of Plaintiff's employment, Plaintiff began having problems with male police officers sexually harassing her.

7. On September 30, 2005, Plaintiff had to work a football game with three other black female police officers. At the end of the game, Lt. Boyd approached Plaintiff and

requested that she work the traffic with two male officers. Lt. Boyd drove Plaintiff around from the front to the back of the main gate. Plaintiff exited the car, and walked up to Sgt. Kenneth Johnson and Officer Marvin Christian. At that time, Sgt. Johnson verbally assaulted Plaintiff.

8. Later this same night, Sgt. Johnson, Officer Christian and Plaintiff answered an accident call. Plaintiff was made to ride in the backseat. The backseat of the police car does not open from the inside. When they arrived at the scene, Officer Christian exited the car and approached the victim. Sgt. Johnson exited the driver's door and came around to Plaintiff's window. Plaintiff began to bang on the door for Sgt. Johnson to open it. Sgt. Johnson initially refused to open the door. Only after several pleas from Plaintiff did Sgt. Johnson open the door. After finally opening the door, Sgt. Johnson blocked Plaintiff from exiting the door and intentionally touched Plaintiff's breast. Sgt. Johnson commented, "oops, you are so soft." Sgt. Johnson then walked away.

9. A short while after this incident, Sgt. Johnson questioned Plaintiff about her private (sexual) life with her husband. Plaintiff told Sgt. Johnson that she did not wish to participate in this type of conversation. After Plaintiff refused to engage in this conversation and after Plaintiff's disapproval of Sgt. Johnson touching her breast, he began to make things difficult for Plaintiff at work by harassing her.

10. Marvin Christian repeatedly approached Plaintiff about "getting with her." Officer Christian made unwanted advances toward Plaintiff. Officer Christian's actions clearly indicated that he wanted to have a sexual relationship with Plaintiff. When Plaintiff turned down Officer Christian's advances, Officer Christian began retaliating against Plaintiff. Officer Christian began accusing Plaintiff of being rude and disrespectful in

her position as police officer. Officer Christian constantly belittled Plaintiff in front of other officers.

11. After Plaintiff turned down Officer Christian's advances, Officer Christian also started gossiping about Plaintiff to other officers. Shortly after this harassment, no other male officer would ride with Plaintiff. Plaintiff was constantly criticized for the work she did for the City.

12. Plaintiff complained to Lt. Boyd early October 2005, about the sexual harassment, inappropriate touching and unfair treatment she was receiving from Sgt. Johnson and by Officer Christian. Plaintiff complained to Sgt. Turner a few days later. She complained to Chief Wheeler on this same day. Chief Wheeler's comment to Plaintiff in a sarcastic way was, "what do you want me to do about it." Even though Plaintiff requested that the Chief take steps to rectify the matter, the Chief did not take any action. The Chief's non-action signaled to Plaintiff's harassers that their conduct was acceptable. Instead of taking any action to resolve the matter, the Chief treated Plaintiff like she was a problem for him. Plaintiff ultimately told Mayor Earl Hinson about the sexual harassment, inappropriate touching and unfair treatment she was receiving from Sgt. Johnson and Officer Christian. Likewise, he failed to take any steps to rectify the problem. Instead of taking any steps to remedy the sexual harassment that Plaintiff was subjected to, Plaintiff was reprimanded and disciplined for things that other officers were not disciplined for.

13. Plaintiff also believes that she was subjected to sex discrimination by Chief Wheeler, because she was not issued a weapon as other new male officers received their weapons. Plaintiff was never issued a weapon or a car. Plaintiff did not have a gun to protect

herself or the citizens she protected. It was common practice of the City to issue employees weapons after approximately two weeks on the job regardless of whether the employee was certified or not. For example, before Tyrone Williams went off to the academy he had a gun and was patrolling by himself from the first day he started back to work. Since Plaintiff had already worked in Tuskegee doing the exact same job she was doing in Union Springs, she wondered why she had not been issued a weapon. Fred Smith, was not certified and he received a weapon. However, because, Plaintiff began experiencing unwanted sexual harassment approximately two weeks into her tenure she was retaliated against. After this harassment started Plaintiff was ostracized.

14. The City claims that it terminated Plaintiff, because she falsified her job application. However, Plaintiff only completed a portion of the application herself. She did not complete the sections concerning her criminal history and traffic violations at the request of the police department secretary, Kimberly Parham. While attempting to complete the application, the Plaintiff informed the secretary that she had been arrested for trespassing in 1996, but had been acquitted. She further informed the secretary that she had paperwork representing the same. Plaintiff asked the secretary how she should complete this section of the application. Before Plaintiff could complete her application the secretary instructed Plaintiff to turn in her application and that she would finish completing it. Plaintiff turned the application in before she had an opportunity to complete the criminal history section. Chief Wheeler was aware of the circumstances surrounding the completion of the application. Plaintiff trusted the City to finish completing the application as it had promised her. Soon after Plaintiff's application was submitted, the application was returned to the City by APOSTC, because it was not

complete. The Plaintiff was not informed that the application was returned. Further, the Plaintiff was not given the opportunity to complete the application even though the City, the Chief in particular, was aware that it had instructed the Plaintiff to turn in the application incomplete and had promised her it would finish completing the application. APSOSTC rejected Plaintiff's application on the charge that Plaintiff falsified or failed to report the 1996 charge. Based on this charge Plaintiff was disqualified for police academy training for two years. The City claims that it terminated Plaintiff as a result of the charge. Plaintiff believes that the City and the secretary through the Chief deliberately sabotaged Plaintiff and fouled her application. The Chief was already aware of the sexual harassment that Plaintiff was being subjected to and he had begun to retaliate against Plaintiff. The Chief used this occasion as an excuse to get rid of Plaintiff.

15. Plaintiff has been a victim of a continuing hostile work environment sexual harassment, and violated pursuant to Title VII, 42 U.S.C. Section 2000(e) and 42 U.S.C. and Section 1981. The City reported that it terminated Plaintiff due to her application, but Plaintiff believes the real reason it terminated her was based on discrimination and harassment.

## COUNT ONE

## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

16. Plaintiff adopts, realleges, and incorporates by reference paragraphs one through fourteen above, the same as if more fully set forth herein, and further alleges, anew.

17. In taking the above-described actions, Defendants intentionally subjected Plaintiff to a hostile work environment sexual harassment.

18.     As a proximate consequence of the violations by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life, and current and future career opportunities.  Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

### COUNT TWO
### SEX DISCRIMINATION

19.     Plaintiff adopts, realleges, and incorporates by reference paragraphs one through eighteen above, the same as if more fully set forth herein, and further alleges, anew.

20.     In taking the above-described actions, Defendants intentionally discriminated against Plaintiff on the basis of his sex, female, in violation of Title VII.  Male employees were not, and are not treated in a similar fashion.

21.     As a proximate consequence of the violations of Title VII based on sex by Defendants, Plaintiff has suffered and will continue to suffer damage to her professional life, and current and future career opportunities.  Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## COUNT THREE

## 24 U.S.C. SECTION 1981

22.   Plaintiff adopts, realleges, and incorporates by reference paragraphs one through twenty-one above, the same as if more fully set forth herein, and further alleges, anew.

23.   In taking the above-described actions, Defendants intentionally discriminated against Plaintiff in violation of Section 1981.

24.   As a proximate consequence of the violations of the Section 1981 violation, Plaintiff has suffered and will continue to suffer damage to her professional life, and current and future career opportunities.  Further, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that this Honorable Court grant the following:

(a)     Assume jurisdiction over this action;

(b)     A judgment declaring that Defendants was subjected to a hostile work environment sexual harassment.

(c)     A judgment declaring that Defendants violated Title VII of the Civil Rights Act of 1964, as amended, based on sex and Section 1981;

(d)     All backpay and fringe benefits from the date of his wrongful termination, with interest;

(e)     Attorney's fees;

(f)     Costs;

(g)     Prejudgment interest; and

(h)     An award of such compensatory damages for any loss of wages, and loss of benefits, including, but not limited to, retirement pension benefits, mental anguish, emotional distress, and embarrassment, both past, present and future to which Plaintiff may be entitled; and such further, other and different legal or equitable relief as the Court may deem appropriate.

Respectfully submitted,

_____
Juraldine Battle-Hodge (BAT033)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS**

Mr. Mattie Y. Jackson
P.O. Box 562
Union Springs, AL 36089

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**