**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| Mattie Jackson, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 02:06-CV-477-DRB |
| | * | |
| City of Union Springs, City of | * | |
| Union Springs Police Department, | * | |
| Chief Clarence Wheeler, | * | |
| | * | |
| Defendants. | * | |

**ANSWER OF DEFENDANTS**

COME NOW Defendants, City of Union Springs, Alabama, and Chief Clarence Wheeler, by and through counsel, and state the following as their Answer to Plaintiff's Complaint:[1]

1.      These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate the matter.   Further, Defendants admit that the venue is proper in the Middle District of Alabama, Northern Division.

2.      These Defendants admit that Plaintiff is thirty-two years old, an African American female, and a resident of Bullock County.   These Defendants deny the remainder of paragraph two of Plaintiff's complaint and demand strict proof thereof.

3.      These Defendants admit that the City of Union Springs is a municipality in the State of Alabama and is authorized to do business in the State of Alabama.  These Defendants

---

[1]The City of Union Springs Police Department is not a proper Defendant in this action, and the City of Union Springs, Alabama, will answer for the City of Union Springs Police Department.

further admit that the City of Union Springs employs more than fifteen individuals. These Defendants deny that the City of Union Springs Police Department is a legal entity subject to a lawsuit and denies the remainder of paragraph three of Plaintiff's complaint.

4.    These Defendants admit paragraph four of Plaintiff's Complaint.

5.    These Defendants admit paragraph five of Plaintiff's Complaint.

6.    These Defendants admit that Plaintiff was hired as a candidate for police officer by the City of Union Springs. These Defendants deny the remainder of paragraph six of Plaintiff's complaint and demand strict proof thereof.

7.    These Defendants deny paragraph seven of Plaintiff's complaint and demand strict proof thereof.

8.    These Defendants deny paragraph eight of Plaintiff's complaint and demand strict proof thereof.

9.    These Defendants deny paragraph nine of Plaintiff's Complaint and demand strict proof thereof.

10.    These Defendants deny paragraph ten of Plaintiff's Complaint and demand strict proof thereof.

11.    These Defendants deny paragraph eleven of Plaintiff's complaint and demand strict proof thereof.

12.    These Defendants deny paragraph twelve of Plaintiff's complaint and demand strict proof thereof.

13.    These Defendants deny paragraph thirteen of Plaintiff's Complaint and demand strict proof thereof.

14.     These Defendants deny paragraph fourteen of Plaintiff's Complaint and demand strict proof thereof.

15.     These Defendants deny paragraph fifteen of Plaintiff's complaint and demand strict proof thereof.

16.     These Defendants deny Count One of Plaintiff's complaint and demand strict proof thereof.

17.     These Defendants deny Count Two of Plaintiff's complaint and demand strict proof thereof.

13.     These Defendants deny Count Three of Plaintiff's complaint and demand strict proof thereof.

14.     These Defendants deny Plaintiff's prayer for relief and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1.     These Defendants affirmatively plead that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Specifically, an individual does not come within the definition of "employer" of Title VII of the Civil Rights Act.

2.     These Defendants affirmatively plead Plaintiff was not subject to purposeful termination.

3.     These Defendants affirmatively plead that Plaintiff's claims pursuant to 42 U.S.C. § 1981 fails to state a claim upon which relief can be granted because Plaintiff does not allege that she was discriminated against on the basis of her race.

4.     These Defendants incorporate any affirmative defense set forth in their motion to dismiss filed contemporaneously with their answer.

5.     These Defendants affirmatively plead there were legitimate nondiscriminatory reasons for Plaintiff's dismissal.

6.     These Defendants affirmatively plead the general issue.

7.     These Defendants affirmatively plead they are entitled to immunity.

8.     These Defendants affirmatively plead that Plaintiff fails to state a prima facie case of sexual discrimination.

9.     These Defendants affirmatively plead their actions were not the proximate cause of Plaintiff's alleged damages.

10.     These Defendants affirmatively plead the after acquired evidence doctrine.

11.     These Defendants affirmatively plead that the decision of a third party barred Plaintiff's employment with the City of Union Springs, Alabama.

12.     These Defendants affirmatively plead that a policy or custom of the City of Union Springs was not the proximate cause of Plaintiff's alleged damages.

13.     If Plaintiff is suing for gender discrimination, these Defendants deny any and all allegations of gender discrimination and state that Plaintiff was treated the same as similarly situated employees.

14.     These Defendants deny that Plaintiff was subjected to a hostile work environment.

15.     These Defendants affirmatively plead that Plaintiff was not sexually discriminated against.

16.     These Defendants affirmatively plead Plaintiff's own actions caused any disciplinary measures taken against Plaintiff.

17.     These Defendants affirmatively plead that the City of Union Springs had a policy against sexual harassment, and Plaintiff failed to take advantage of the policy against

sexual harassment.

18.    This Defendant affirmatively pleads that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

19.    These Defendants affirmatively plead that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to Plaintiff.

_____
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Juraldine Battle-Hodge
207 Montgomery Street
Suite 215
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the _7th_ day of June, 2006.

_____
OF COUNSEL