IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Mattie Jackson, | * | |
| Plaintiff, | * | |
| vs. | * | 02:06-CV-477-DRB |
| City of Union Springs, City of Union Springs Police Department, Chief Clarence Wheeler, | * | |
| Defendants. | * | |

## MOTION TO DISMISS

COME NOW Defendants, City of Union Springs, Alabama, and Chief Clarence Wheeler, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure move for dismissal of all claims against the City of Union Springs Police Department, all claims against Chief Clarence Wheeler, and Count III of Plaintiff's complaint against the City of Union Springs. In support of their motion to dismiss, these Defendants state as follows:

## CITY OF UNION SPRINGS POLICE DEPARTMENT

1. All claims against the City of Union Springs Police Department must be dismissed because the City of Union Springs Police Department is not a legal entity subject to a lawsuit. *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 581 So.2d 1085, 1086 (Ala. 1991).

2. Therefore, because the City of Union Springs Police Department is not a legal entity subject to a lawsuit, all claims against it must be dismissed as a matter of law.

## CHIEF CLARENCE WHEELER

3.     Counts I and II of Plaintiff's complaint appear to allege a Title VII violation by Chief Wheeler.

4.     In the Eleventh Circuit, the Plaintiff may not bring a Title VII claim against an employer's agent in his or her individual capacity. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "individual capacity suits under Title VII are...inappropriate."). Title VII defines "employer" as a "person engaged in an industry protecting commerce who has fifteen or more employees...and any agent of such persons." 42 U.S.C. § 2000(e)(b). The Eleventh Circuit has established that the reference to the employer's agent serves to establish respondiat superior liability and not individual liability. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1986).

5.     Because claims against individuals pursuant to Title VII of the Civil Rights Act are inappropriate, Counts I and II of Plaintiff's complaint alleging a violation of Title VII against Chief Wheeler are due to be dismissed with prejudice.

## CHIEF CLARENCE WHEELER AND THE CITY OF UNION SPRINGS

6.     Defendants move the Court to dismiss Count III of Plaintiff's complaint. Plaintiff apparently alleges a violation of 42 U.S.C. § 1981. This code provision only provides for claims based on race.

7.     Although Plaintiff states that she is African-American in paragraph two of her complaint, Plaintiff does not allege that she was discriminated against on the basis of her race. Therefore, all claims against all Defendants based on 42 U.S.C. § 1981 must be dismissed as a matter of law.

## CONCLUSION

WHEREFORE, all claims against the City of Union Springs Police Department must be dismissed because the City of Union Springs Police Department is not a legal entity subject to suit. Also, Counts I and II of Plaintiff's complaint must be dismissed against Chief Wheeler because Title VII of the Civil Rights Act does not allow for individual liability. Further, Count III of Plaintiff's complaint must be dismissed in its entirety because Plaintiff does not allege race discrimination.

_____
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Juraldine Battle-Hodge
207 Montgomery Street
Suite 215
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the 7th day of June, 2006.

_____
OF COUNSEL