IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Mattie Jackson, | * | |
| Plaintiff, | * | |
| vs. | * | 02:06-CV-477-DRB |
| City of Union Springs, City of Union Springs Police Department, Chief Clarence Wheeler, | * | |
| Defendants. | * | |

**CITY OF UNION SPRINGS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW the only Defendant, City of Union Springs, Alabama, by and through counsel, and states the following as its answer to Plaintiff's amended complaint:[1]

1.  This Defendant admits that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate the matter. This Defendant denies any and all liability that may be alleged in paragraph one of Plaintiff's complaint.

2.  This Defendant admits that Plaintiff is an African American female, resident of the United States and State of Alabama, residing in Bullock County, Alabama. This Defendant has insufficient information to admit or deny that Plaintiff is a resident of this judicial district at all material times hereto. This Defendant denies the remainder of paragraph two of Plaintiff's complaint and demands strict proof thereof.

3.  Admit.

4.  Admit.

5.  Admit.

---

[1] The City of Union Springs has no objection to Plaintiff's amended complaint and based on the amended complaint believes the motion to dismiss is now moot.

6. This Defendant denies paragraph six of Plaintiff's complaint and demands strict proof thereof.

7. This Defendant denies paragraph seven of Plaintiff's complaint and demands strict proof thereof.

8. This Defendant denies paragraph eight of Plaintiff's complaint and demands strict proof thereof.

9. This Defendant denies paragraph nine of Plaintiff's complaint and demands strict proof thereof.

10. This Defendant denies paragraph ten of Plaintiff's complaint and demands strict proof thereof.

11. This Defendant denies paragraph eleven of Plaintiff's complaint and demands strict proof thereof.

12. This Defendant denies paragraph twelve of Plaintiff's complaint and demands strict proof thereof.

13. This Defendant denies paragraph thirteen of Plaintiff's complaint and demands strict proof thereof.

14. This Defendant denies paragraph fourteen of Plaintiff's complaint and demands strict proof thereof.

15. This Defendant denies paragraph fifteen of Plaintiff's complaint and demands strict proof thereof.

16. This Defendant denies Count One of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant denies Count Two of Plaintiff's complaint and demands strict proof thereof.

18. This Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads that Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, an individual does not come within the definition of "employer" of Title VII of the Civil Rights Act.

2. This Defendant affirmatively pleads Plaintiff was not subject to purposeful termination.

3. This Defendant affirmatively pleads there were legitimate nondiscriminatory reasons for Plaintiff's dismissal.

4. This Defendant affirmatively pleads the general issue.

5. This Defendant affirmatively pleads it is entitled to immunity.

6. This Defendant affirmatively pleads that Plaintiff fails to state a prima facie case of sexual discrimination.

7. This Defendant affirmatively pleads its actions were not the proximate cause of Plaintiff's alleged damages.

8. This Defendant affirmatively pleads the after acquired evidence doctrine.

9. This Defendant affirmatively pleads that the decision of a third party barred Plaintiff's employment with the City of Union Springs, Alabama.

10. This Defendant affirmatively pleads that a policy or custom of the City of Union Springs was not the proximate cause of Plaintiff's alleged damages.

12. This Defendant denies that Plaintiff was subjected to a hostile work environment.

13. This Defendant affirmatively pleads that Plaintiff was not sexually discriminated against.

14. This Defendant affirmatively pleads Plaintiff's own actions caused any disciplinary measures taken against Plaintiff.

15. This Defendant affirmatively pleads that the City of Union Springs had a policy against sexual harassment, and Plaintiff failed to take advantage of the policy against sexual harassment.

16. This Defendant affirmatively pleads that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

17. This Defendant affirmatively pleads that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to Plaintiff.

_____
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Juraldine Battle-Hodge
207 Montgomery Street
Suite 215
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the 14th day of July, 2006.

_____
OF COUNSEL