IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Mattie Jackson, | * | |
| Plaintiff, | * | |
| vs. | * | 02:06-CV-477-DRB |
| City of Union Springs, City of Union Springs Police Department, Chief Clarence Wheeler, | * | |
| Defendants. | * | |

**DEFENDANT'S MOTION FOR ENTRY OF HIPAA ORDER**

COMES NOW the Defendant, by and through counsel, and respectfully requests this Honorable Court to sign and enter the attached HIPAA Order in this case. Said Order is necessary so that the Defendant may obtain mental health records which are relevant and material to the claims asserted against the Defendant by the Plaintiff in this case.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to sign and enter the attached HIPAA Order so that the Defendant may utilize said order to begin discovery of relevant and material medical information with respect to the Plaintiff.

Respectfully submitted this the 31st day of July, 2006.

_____
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for Defendants

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Juraldine Battle-Hodge
207 Montgomery Street
Suite 215
Montgomery, Alabama 36104

by placing same in the United States Mail, postage prepaid, on this the 31st day of July, 2006.

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Mattie Jackson, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   02:06-CV-477-DRB |
| | * |
| City of Union Springs, City of | * |
| Union Springs Police Department, | * |
| Chief Clarence Wheeler, | * |
| | * |
| Defendants. | * |

## HIPAA ORDER

Now pending before the Court are the Defendant's motion for HIPPA protective order (doc. # ___) filed on _____. Upon consideration of the motion, and for good cause it is

ORDERED that the Defendant's motion for HIPPA protective order (doc #___) be and is hereby GRANTED. It is further

ORDERED that upon compliance with applicable law, the attorneys for the parties to this lawsuit are permitted to obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to applicable law, the sole purpose of this order being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, § 247, 110 Stat. 1936, 2018 (1996)(HIPAA).

Any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial is authorized to disclose Protected Health Information in response to such request or subpoena. This order is intended to authorize such disclosures as provided under 45 C.F.R. § 164-512(e)(1).

Nothing in this order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this order

permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.  This order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.  It is further

ORDERED that at the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party or destroy the documents and all copies thereof containing Protective Health Information received by them pursuant to this order, except that Protective Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by applicable state insurance laws and the Alabama State Bar rules and regulations.

Done this _____ day of _____, 2006.


_____
PRESIDING JUDGE
U.S. DISTRICT COURT JUDGE